# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CRYSTAL ALVINA CAMPER,                    )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civ. No. 22-1138-GBW
                                          )
DELUXE CORPORATION, *et al.*,             )
                                          )
            Defendants.                   )

## <u>MEMORANDUM ORDER</u>

At Wilmington, on this 3d day of January 2025, having reviewed Plaintiff's

Amended Complaint (D.I. 29) and considered Defendants' Motion to Dismiss (D.I.

30), Plaintiff's Answering Brief (D.I. 32), Defendants' Reply Brief (D.I. 33),

Plaintiff's Sur-Reply Brief (D.I. 34), and all related filings;

WHEREAS, on December 20, 2022, the Court entered an Order (D.I. 5),

dismissing Defendant Ruth M. Timm from this action, based on the Third Circuit's

rejection of individual liability for Title VII claims, *see Sheridan v. E.I. DuPont de

Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc);

WHEREAS, on February 5, 2024, the Court entered an Order (D.I. 28),

requiring Plaintiff to file an Amended Complaint by March 5, 2024; informing

Plaintiff that the Amended Complaint must contain all of Plaintiff's allegations and

claims; notifying Plaintiff that she would not be given an opportunity to further

amend; and instructing Plaintiff to be as specific as possible and to include a date for each allegation contained within the Amended Complaint;

WHEREAS, on February 23, 2024, Plaintiff filed an Amended Complaint (D.I. 29) by the March 5, 2024 deadline, but most of the factual allegations therein either fall outside the statute of limitations[1] or are undated, contrary to the Court's March 5, 2024 Order (D.I. 28);

WHEREAS the Amended Complaint (D.I. 29) does not otherwise include sufficient detail to present substantively plausible claims of unlawful employment discrimination;[2] and

---

[1] "In Delaware, a claimant filing a charge of discrimination under Title VII has 300 days from the time of the alleged discriminatory act to file a complaint" with the Equal Employment Opportunity Commission (EEOC) or the Delaware Department of Labor (DDOL). *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 553 (D. Del. 2012). "Both the 300-day limitation to file the charge of discrimination and the 90-day period for filing the court action are treated as statutes of limitations." *Id.*

Plaintiff's Amended Complaint includes allegations occurring in January and February 2020. (D.I. 29 at 8-10.) The last opportunity to timely file a charge of discrimination regarding these alleged events would have been in late 2020, and nothing of record suggests that Plaintiff filed a complaint with EEOC or DDOL during this time.

[2] A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding

WHEREAS the Amended Complaint (D.I. 29) again names Ruth M. Timm as a Defendant, despite the Court's December 20, 2022 dismissal (D.I. 5);

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (D.I. 30) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and for failure to follow Court Orders (D.I. 5, 28);

IT IS FINALLY ORDERED that the Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams
United States District Judge

---

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court cannot reasonably infer a connection between the adverse events alleged to have occurred in February 2021 (*see* D.I. 2, 13-14) and any protected class of which Plaintiff has claimed membership or otherwise appears to be a member.

3