# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CRYSTAL ALVINA CAMPER,           )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        Civil Action No. 22-1138-GBW
                                 )
DELUXE CORPORATION, *et al.*,    )
                                 )
            Defendants.          )

## MEMORANDUM ORDER

At Wilmington, this 16th day of April 2025, *pro se* Plaintiff Crystal Alvina Camper, having moved for reconsideration (D.I. 38, 40) regarding the Court's January 2025 Memorandum Order (D.I. 37), which granted Defendant Deluxe Corporation's motion to dismiss for failure to state a claim (D.I. 30);

WHEREAS a motion for reconsideration must "correct manifest errors of law or fact or . . . present newly discovered evidence," *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), rather than asserting facts or arguments that "inexcusably were not presented to the court in the matter previously decided," *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990);

WHEREAS, to the extent that Plaintiff's motions are also intended as motions for reargument, they must show that "the Court has patently misunderstood a party,

or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension," *Brambles USA*, 735 F. Supp. at 1241 (citations omitted); *see also* D. Del. LR 7.1.5;

WHEREAS, to the extent that Plaintiff's motions are otherwise intended as motions to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e), they "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

WHEREAS, to the extent that Plaintiff's motions are otherwise intended as motions for relief from final order, pursuant to Federal Rule of Civil Procedure 60(b), they must be based on one of five specified grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), or "extraordinary circumstances," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977);

IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration (D.I. 38, 40) are **DENIED**, as they do not show any newly discovery evidence, or any error in law or fact in the Court's January 2025 Memorandum Order (D.I. 37) warranting reconsideration, *see Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677, and they do not cure material defects in the pleading that led to dismissal, or

otherwise warrant reargument, alteration or amended, or relief from the January 2025 Memorandum Order, which granted Defendant's motion to dismiss for failure to state a claim.

_____

The Honorable Gregory B. Williams
United States District Judge